

# NUMBER 13-24-00470-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ERIC LEE TUNCHEZ,                                             **Appellant,**

**v.**

JOCELYN DAVIS
AND ALL OCCUPANTS,                                      **Appellees.**

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 5
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice Peña**

This case concerns an eviction proceeding of a residential property (Property) pro se appellant and landlord Eric Lee Tunchez initiated against pro se appellees Joceyln Davis and all occupants. By three issues, Tunchez argues the county court erred when it rendered judgment finding he was not entitled to judgment or eviction and ordered he

take nothing. Because Davis has vacated the premises, we dismiss this case as moot and vacate the underlying judgments.

## I. BACKGROUND

On July 9, 2024, Tunchez filed an eviction petition against Davis in the Justice Court Precinct 2, Place 1 of Nueces County. *See* TEX. PROP. CODE § 24.002; TEX. R. CIV. P. 510.6. The petition alleged Davis owed $1,000 in delinquent rent for May and June 2024 and violated her lease terms by subletting. *See* TEX. PROP. CODE § 24.0051 (authorizing landlord to recover unpaid rent in a forcible detainer action); TEX. R. CIV. P. 510.1(a) (same). On July 25, 2024, the justice court signed a judgment in eviction decreeing that Tunchez was entitled to possession of the Property, ordering Davis to vacate the premises, and awarding Tunchez $1,781.84 in damages.[1] Davis timely appealed the justice court's judgment to the Nueces County Court at Law Number 5. *See* TEX. PROP. CODE § 24.005107; TEX. R. CIV. P. 510.19.

On August 20, 2024, the county court held a trial de novo on Davis's appeal. *See* TEX. R. CIV. P. 510.20(c) ("The case must be tried de novo in the county court. A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial."). After argument and evidence from the parties, the county court concluded Tunchez did not "show[] any evidence of right to possession of the [P]roperty so the eviction's denied." On August 28, 2024, the court signed a final judgment "find[ing] . . . [Tunchez] is not entitled to judgment or eviction regarding the [P]roperty" and ordering Tunchez take nothing. This appeal followed.

---

[1] The damages award was comprised of $1,554.84 in unpaid rent and $227.00 in court costs.

## II.    DISCUSSION

By three issues, Tunchez argues the trial court erred in finding he was not entitled to "judgment or eviction." Davis asserts among her responsive arguments that "this case [is] null and void" because she "moved out of the property on August 30[,] 2024." We construe Davis's argument as asserting possession is a moot issue. Because possession is no longer an actual controversy between the parties, we agree this case is moot and we do not reach the merits of Tunchez's arguments.

A forcible detainer action is one type of suit for eviction from real property. *See* TEX. PROP. CODE § 24.004(a) (providing that eviction suits include forcible detainer suits). "The sole issue to be decided in a forcible detainer suit is the entitlement to actual and immediate possession of the real property at issue." *Riley v. Deanda*, 706 S.W.3d 578, 581 (Tex. App.—Houston [1st Dist.] 2024, no pet.). "An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property." *Marshall v. Hous. Auth. of S.A.,* 198 S.W.3d 782, 787 (Tex. 2006). "Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession." *Id.* (citing TEX. PROP. CODE § 24.008).

The Texas Supreme Court has held that an appeal from a forcible-detainer judgment is moot if the defendant is no longer in possession of the premises unless the defendant asserts "a potentially meritorious claim of right to current, actual possession of the [premises]." *Marshall,* 198 S.W.3d at 787; *see Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 812–13 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "Appellate courts lack jurisdiction to decide moot controversies and render advisory

opinions." *Briones*, 438 S.W.3d at 812. "A case becomes moot if at any stage there ceases to be an actual controversy between the parties." *Id.*

Here, Davis informed this Court by motion and in her brief that she vacated the Property on August 30, 2024, and is no longer in possession.[2] Moreover, the lease term expired on August 9, 2024. Davis presents no basis for claiming a right to current, actual possession of the Property, and she no longer is in actual possession of the Property. *See Marshall*, 198 S.W.3d at 787; *Briones*, 438 S.W.3d at 812–13. Consequently, there is no longer an actual controversy concerning possession for this Court to decide, *see Riley*, 706 S.W.3d at 581 ("The sole issue to be decided in a forcible detainer suit is the entitlement to actual and immediate possession of the real property at issue."), and Tunchez's appeal is moot.[3] *See Marshall*, 198 S.W.3d at 787; *Briones*, 438 S.W.3d at 812.

### III.    CONCLUSION

Because Davis is no longer in possession of the Property and because she does not assert a potentially meritorious claim to current, actual possession of the Property, the case is moot. *See Marshall*, 198 S.W.3d at 787; *Briones*, 438 S.W.3d at 812–13. We therefore vacate the underlying courts' judgments without consideration of the merits, dismiss this case as moot, and dispose of any pending motions as moot. *See Marshall*, 198 S.W.3d at 785 ("We conclude that Marshall's case is moot and that the court of

---

[2] We have discretion to accept statements made in briefs as judicial admissions. *Jenkins v. De La Cruz*, No. 13-23-00421-CV, 2026 WL 621566, at *4 n.5 (Tex. App.—Corpus Christi–Edinburg Mar. 5, 2026, pet. filed) (first citing *In re D.L.W.W.*, 617 S.W.3d 64, 79 n.35 (Tex. App.—Houston [1st Dist.] 2020, no pet.); and then citing *Wells Fargo Bank, N.A. v. Smuck*, 407 S.W.3d 830, 842 (Tex. App.—Houston [14th Dist.] 2013, pet. denied), *opinion supplemented on denial of reh'g* (Aug. 15, 2013)).

[3] Tunchez's brief addresses only the issue of possession and provides no argument or legal analysis regarding damages.

4

appeals erred in dismissing only the appeal and leaving the trial court's judgment in place."); *Tex. Parks & Wildlife Dep't v. Tex. Ass'n of Bass Clubs,* 622 S.W.2d 594, 596 (Tex.1981) ("When an appeal is moot, the judgment is set aside and the cause is dismissed."); *see also* TEX. R. APP. P. 43.2(e).

L. ARON PEÑA JR.
Justice

Delivered and filed on the
30th day of July, 2026.